Johnson *v.* Buttler.

SAMUEL JOHNSON

*v.*

GEORGE BUTTLER.

A cross-bill is not necessary in a suit between partners, wherein the complainant seeks a dissolution and an account from the defendant, to enable the latter to get an account from the former, or to obtain relief against fraudulent practices of the complainant in giving the note of the firm without consideration, for his own benefit, and in buying up the paper of the concern at a discount, for his advantage, with a view to obtaining the full amount thereof out of the assets of the firm. Such a bill will not be sustained on demurrer.

Bill for relief. On general demurrer to cross-bill.

*Mr. E. W. Strong*, for demurrant.

*Mr. A. V. Schenck, contra.*

THE CHANCELLOR.

The original bill was filed for a dissolution of the copartnership between the parties to this suit. It prays a dissolution and liquidation, and the ascertainment and settlement of the respective accounts and interests of the parties. The cross-bill alleges that the complainant made false and fraudulent entries in the firm's books to his own advantage, and omitted to charge himself with moneys of the firm received by him, and which he applied to his own use. It states, also, that, before the filing of the original bill, he gave to his son-in-law a note made by him in the name of the firm, for

Johnson *v.* Buttler.

$4,500 and interest, without the defendant's knowledge or consent, and without consideration, and merely for his own personal advantage and to defraud the defendant; and that he has, since the appointment of the receiver in the cause, purchased claims due from the firm for fifty cents on the dollar of their nominal value, with a view to obtaining the full amount thereof for his individual profit, out of the assets of the firm.

Though the cross-bill in form prays a discovery, it asks an answer without oath. It is manifest that it is not necessary to the defendant's defence. Without it he will be able to avail himself in this suit of all the matters set up in it. He will be entitled to an account under the original bill (*Scott* v. *Lalor's ex'rs, 3 C. E. Gr. 301; Story's Eq. Jur.* § *522*); also to protection against the note of $4,500, if it was, as he alleges, given fraudulently; and to protection, also, against the complainant's alleged effort to gain advantage over him by purchasing the debts of the concern. In reference to those claims and the note of $4,500, payment may be stayed by petition until the matter shall have been investigated and the rights of the parties established. Under our practice, a cross-bill would be entirely unnecessary in this case to obtain the benefit of a discovery (*Rev. p. 111, Chancery,* § *44*), but no discovery is in fact sought by this bill, for, as before stated, it asks that the answer be without oath.

The complainant should not be put to the trouble and expense of answering. The cross-bill being unnecessary, it should be dismissed. The demurrer, therefore, is sustained.